# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LEONARD McBROOM,

                    :

        Petitioner,                      Case No. 3:05-cv-018

                          :       District Judge Walter Herbert Rice
     -vs-                             Chief Magistrate Judge Michael R. Merz

JAMES ERWIN, Warden,

                    :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus and is before the Court on the merits, Respondent having filed a Return of Writ (Doc. No. 7) and Petitioner having filed a Traverse (Doc. No. 8).

Petitioner was convicted by a jury in the Montgomery County Common Pleas Court of robbery and sentenced to five years imprisonment. He pleads four grounds for relief.

> **Ground One:** The Petitioner was detained in violation of his right to be protected from unlawful search and seizure.
>
> **Supporting Facts:** The Petitioner reported the vehicle he was driving stolen. At about the same time a robbery was reported from the opposite side of the city. When police came to take his report, officers from the outside area came and detained the petitioner with no justification.
>
> **Ground Two:** The Petitioner was denied the effective assistance of counsel at trial.
>
> **Supporting Facts:** Counsel at trial failed to discover until after the trial mitigating and exculpatory evidence that may have impeached

the State's witnesses, failed to file timely motions and objections, and failed to properly prepare and conduct his case at trial.

**Ground Three:** The Petitioner was denied a fair trial and the due process of the law when evidence was intentionally withheld from defendant.

**Supporting Facts:** There were witnesses and evidence which placed the Petitioner at a place of business at the time of the offense, and witnesses thereof; and there were statements of other witnesses that would have impeached the credibility of the State's witnesses, that was intentionally withheld from the Petitioner by the prosecution despite a discovery request made by trial counsel.

**Ground Four:** The Petitioner's rights to the confrontation of the witnesses against him was violated by the trial court.

**Supporting Facts:** The trail court abused its discretion and violated the Petitioner's right to the confrontation of the witnesses against him when the trial court would not allow the Petitioner's counsel to impeach the credibility of the State's witnesses.

(Petition, Doc. No. 3, at 5-6.)

Statute of Limitations

Respondent contends that consideration of the Petition on the merits is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year statute of limitations applicable to petitions under 28 U.S.C. §2254. 28 U.S.C. §2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion

-2-

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reveals that Petitioner was sentenced on August 15, 2002, and immediately appealed to the Second District Court of Appeals on August 22, 2002. That court entered final judgment on August 29, 2003. Under the Rules of Practice of the Ohio Supreme Court, Petitioner had forty-five days to appeal to that Court, a period which expired October 13, 2003, but Petitioner never filed such an appeal. Thus his conviction became final on October 13, 2003, and his time for filing in this Court, unless somehow extended, expired on October 13, 2004. The Petition was not filed until January 6, 2005.

The time for filing would be extended by the pendency of any "properly filed application" for collateral review. Mr. McBroom did file a petition for post-conviction relief in the Montgomery County Common Pleas Court on January 16, 2004. On February 19, 2004, the Common Pleas Court

dismissed the post-conviction petition as untimely (Return of Writ, Ex. 18). An untimely application for post-conviction relief is not "properly filed" and therefore does not extend the time for filing a federal petition for writ of habeas corpus. *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2nd 213 (2000); *Pace v. Diguglielmo*, ___ U.S. ___, 2005 U.S. LEXIS 3705 (April 27, 2005).

Because Petitioner's Ohio Revised Code § 2953.21 petition was not timely filed, its pendency did not extend his time for filing here which expired on October 13, 2004. Because the federal habeas petition was untimely filed, it should be dismissed with prejudice.

May 2, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\McBroom v. Erwin 01.wpd